IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DESHOUNA AYOOLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: CIV-13-804-D |
| | ) |
| OG&E ENERGY CORP., and | ) |
| | ) |
| TEKSYSTEMS, INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, Plaintiff DeShouna Ayoola, by and through counsel, Brice W. Bisel, OBA #30986, Raymond E. Tompkins, OBA #9058, and Katherine R. Mazaheri, OBA #21746, and hereby complains against the Defendants OG&E Energy Corp. and TEKsystems, Inc. as follows:

### NATURE OF THE CASE

1. Plaintiff alleges claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. *seq* ("Title VII") for sex/gender discrimination and discrimination based upon her race that resulted in discriminatory treatment, a hostile work environment, and ultimately wrongful termination. Plaintiff also alleges illegal retaliation in violation of Title VII. Plaintiff also brings state law causes of action for wrongful termination based upon her gender and race in violation of the Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. §1101 *et.*

*seq*. Plaintiff also alleges a claim of illegal retaliation in violation of the OADA. Finally, Plaintiff alleges a claim pursuant to 42 U.S.C. §1981 for illegal discrimination and wrongful termination based upon her race.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343. Plaintiff also brings pendant state law claims under 25 O.S. §1101 *et. seq*. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

3. Venue in this district is proper pursuant to 28 U.S.C. §§1391 (b) and (c), because Defendants operate in this district and the unlawful conduct giving rise to the claims occurred in this district.

4. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§2201 and 2202, and 42 U.S.C. §2000e-5(g). Compensatory and punitive damages are sought pursuant to 42 U.S.C. §1981a.

5. Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. §2000e-5, Fed. R. Civ. P. 54, and 12 O.S. 696.4.

6. This action properly lies in the District Court for the Western District of Oklahoma, pursuant to 28 U.S.C. §1391(b) because the claim arose in this district, and pursuant to 42 U.S.C. §2000e-(f)(3) because the unlawful employment practice arose in this district.

## PARTIES

7. Plaintiff, DeShouna Ayoola, is an individual citizen and resident of the United States and the State of Oklahoma. At all times relevant herein, Plaintiff was a resident of the State of Oklahoma.

8. Plaintiff is a former employee of Defendants TEKsystems, Inc. and OG&E Energy Corp.

9. Defendant TEKsystems, Inc. is a foreign for-profit corporation operating in locations throughout Oklahoma and across the United States.

10. Defendant OG&E Energy Corp. is a domestic for-profit corporation operating in locations throughout Oklahoma.

## CONDITIONS PRECEDENT

11. Plaintiff DeShouna Ayoola timely filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Oklahoma Human Rights Commission/Oklahoma Attorney General's Office of Civil Rights Enforcement in 2012. The EEOC charge numbers were: 564-2012-00858 and 564-2012-01021.

12. On May 2, 2013, the EEOC issued a Notice of Right to Suit for both charges.

13. Plaintiff's attorneys received such notice on or about May 3, 2013.

14. This lawsuit is filed within ninety (90) days of the receipt of Plaintiff's right to suit letters.

15. Plaintiff has exhausted all administrative remedies under state and federal law.

## GENERAL ALLEGATIONS

16. On October 1, 2009, Plaintiff was hired by Defendant TEKsystems, Inc. as an IT Service Desk Contractor.

17. Plaintiff was hired by TEKsystems, Inc. to work for Defendant OG&E Energy Corp.

18. From October 2009 until September 2011, Plaintiff never received a formal performance review.

19. Plaintiff's manager, Kerri Young, told Plaintiff on several occasions that she was doing a "wonderful job and [she] had heard nothing but good things about [Mrs. Ayoola]."

20. In April 2011 Ms. Cindy Evans rated Plaintiff's performance as "excellent" and told her that she was getting feedback from Plaintiff's co-workers to provide to Kerri Young.

21. At the same time, Kerri Young told Plaintiff that she would be getting funding to do additional permanent hiring.

22. In May 2011, Kerri Young brought in four (4) additional contractors for the new IOC department.

23. Ms. Young required Plaintiff to train all four (4) of the new employees between May 2011 and November 2011. During this period of time, two of these employees were terminated for performance issues. Two new Caucasian male employees were brought in to replace the two terminated employees.

24. After the end of their training, two (2) of the new workers were hired into permanent IOC positions, while Plaintiff received no such hiring.

25. Both employees hired into these positions were Caucasian males, both with less experience than Plaintiff.

26. All of the employees trained by Plaintiff had less experience than Plaintiff.

27. Plaintiff trained all of the employees who were hired into permanent positions over her.

28. In October 2011, Plaintiff was also asked to train another Caucasian male for the supervisory position of lead technician. This employee had no such prior experience in such industry, yet on January 1, 2012, this employee was placed into the lead technician role over Plaintiff.

29. At this time, Plaintiff complained to Ms. Holly Kannaird regarding her belief that she was being discriminated against in the failed promotion attempts. Plaintiff also expressed her concern to Ms. Kannaird that she had never received any sort of formal performance appraisal.

30. Ms. Kannaird informed Plaintiff that she would speak to Plaintiff's supervisors at OG&E and TEKsystems to get feedback on her concerns.

31. Almost immediately after her complaint(s), Plaintiff began experiencing retaliation.

32. In early April 2012, Plaintiff received an e-mail that was characterized as an "informal review."

33. This e-mail contained multiple untrue statements concerning Plaintiff's job performance and singled her out for multiple actions that were commonplace among her co-workers. Plaintiff was the only employee who received such a review and was clearly singled out as no other employees were chastised for any similar behavior.

34. This performance review was based solely upon Mr. Sean Jones "watching Plaintiff since January 1, 2012." Mr. Jones was the Caucasian male employee hired into the lead technician role over Plaintiff on January 1, 2012.

35. This review alleged that Plaintiff had issues with tardiness and improperly submitted her time card, despite the fact that Plaintiff had never previously had any such issue, nor do Plaintiff's timecards from the relevant time period reflect any tardiness.

36. This review also alleged that Plaintiff took excessive break time, despite the fact that she was never away from the IOC for more than the thirty (30) minutes allowed each shift.

37. Plaintiff's review also told her not to sleep while at work, despite the fact that multiple co-workers frequently were allowed to take naps when there was no work to be done.

38. Plaintiff's review also chastised her for watching movies at her station during downtime, yet other employees, including the recently promoted employees, regularly watched movies at their stations and continued doing so after this review.

39. Plaintiff believes that she is the only employee who received such a review and is also the only employee who was chastised and singled out for behaviors engaged in by nearly all employees.

40. On April 19, 2012, Plaintiff filed a formal internal complaint concerning this review by Mr. Jones.

41. In over two years of previous employment, Plaintiff had not received any such complaints as those outlined in the informal performance review contained in the email.

42. After this "performance review" Plaintiff was informed that she had four (4) weeks to improve her performance in all areas.

43. Immediately after her formal complaint, Plaintiff began experiencing additional retaliation and harassment.

    a. Plaintiff was told by co-workers "I hope you are looking for another job."

    b. Plaintiff was forced to work shift changes on shorter notice than any other employee.

    c. Plaintiff's requested schedule change with a co-worker was denied by Mr. Sean Jones. Mr. Sean Jones then told Plaintiff's co-worker that he had denied such commonplace request due to "personal differences with Mrs. Ayoola."

    d. On the same day that he denied Plaintiff's schedule change request, Mr. Jones also switched Plaintiff's shift with another employee without giving Plaintiff notice of such change.

44. Throughout her employment, Plaintiff also received other discriminatory and harassing treatment by her co-workers and supervisor Sean Jones.

    a. Plaintiff was copied on e-mails contained racist jokes, including one in reference to her own child.

    b. Co-workers of Plaintiff watched loud videos contained racially insensitive jokes and comments at an auditory level loud enough for Plaintiff to hear.

    c. Multiple racist jokes and racially sensitive innuendos were used in the presence of Plaintiff.

    d. Music contained racially insensitive remarks and derogatory comments towards women was frequently played for Plaintiff to hear.

45. As a result of the discriminatory, harassing, and retaliatory conduct, Plaintiff filed charges of discrimination in 2012 with the EEOC, charge numbers 564-2012-00858 and 564-2012-01021.

46. In 2012, Plaintiff also began experiencing additional retaliation in that she was no longer allowed to work the overtime hours that she had frequently been allowed to work prior to her complaints. Her co-workers were still allowed to frequently work substantial overtime hours. No reason was given for this disallowance of overtime hours to Plaintiff.

47. In previous years, Plaintiff routinely worked 250-300 hours of overtime, yet in 2012, she only was allowed to work approximately seventeen (17) hours of overtime.

48. After filing her EEOC charges, Plaintiff was informed that September 28, 2012 would be her last day of employment.

49. On September 25, 2012, a mediation was held at the EEOC concerning Plaintiff's EEOC charges. After leaving the mediation, Plaintiff received a phone call from OG&E who informed her that as a result of additional information from the mediation, Mrs. Ayoola was no longer needed at work.

50. No reasons have been given for Defendants' illegal conduct.

51. Adverse actions taken against Plaintiff were motivated by one or more of the following impermissible factors: Plaintiff's race, Plaintiff's age and/or in retaliation for her complaints, all in clear violation of Title VII, 42 U.S.C. §2000e *et. seq*.

52. As a result of Defendants' actions, Plaintiff has sustained the following damages/injuries: loss of employment, loss of wages, loss of seniority, loss of career path and opportunity, loss of fringe benefits and other compensation. Plaintiff has also suffered consequential and compensatory damages including, but not limited to: those for humiliation, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety.

53. As a result of Defendants' actions, Plaintiff has been damages well in excess of $10,000.00.

54. Add adverse actions taken by Defendants against Plaintiff were intentional, willful, malicious, and/or with reckless disregard for the legal rights of Plaintiff.

## COUNT ONE
## ILLEGAL DISCRIMINATION BASED UPON RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000E-1 *et seq*.

55. Plaintiff reasserts and incorporates by reference paragraphs 1-54 as set forth above as if fully restated herein.

56. At all times while employed with Defendants, Plaintiff was qualified for the position she held and had been performing satisfactorily.

57. Defendants' willful and malicious conduct as described above is in clear violation of Title VII of the Civil Rights Act of 1964.

58. Plaintiff's race, African-American, was a motivating factor in Defendants' adverse employment actions as described above. Defendants violated Plaintiff's rights under Title VII by taking such adverse actions.

59. As a result of Defendants' illegal conduct, Plaintiff has suffered the damages described in paragraphs 52-54.

60. Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing Plaintiff under Title VII, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

61. Plaintiff is also entitled, under 42 U.S.C. §2000e-5(k), to recover attorney fees and costs incurred in pursuing this claim.

## COUNT II
## ILLEGAL DISCRIMINATION BASED UPON GENDER/SEX, IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. §2000e *et. seq*.

62. Plaintiff reasserts and incorporates by reference paragraphs 1-61 as set forth above as if fully restated herein.

63. Defendants' actions in repeatedly treating Plaintiff differently than her male co-workers and frequently engaging in the discriminatory conduct as previously described above, constitutes illegal discrimination based upon her gender/sex (female), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*.

64. All of the above-described actions, up to and including Plaintiff's termination, were willful and malicious conduct intended solely to discriminate against Plaintiff based upon her gender/sex.

65. As such, Plaintiff's gender was a motivating factor in Defendants' adverse employment actions described above. Defendants violated Plaintiff's civil rights by taking such actions.

66. As a result of Defendants' illegal conduct, Plaintiff has suffered the damages described in paragraphs 52-54.

67. Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing Plaintiff under Title VII, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

68. Plaintiff is also entitled, under 42 U.S.C. §2000e-5(k), to recover attorney fees and costs incurred in pursuing this claim.

## COUNT III
## ILLEGAL DISCRIMINATION BASED UPON RACE IN VIOLATION OF 42 U.S.C. §1981

69. Plaintiff reasserts and incorporates by reference paragraphs 1-68 as set forth above as if fully restated herein.

70. Plaintiff is an African-American female protected from racial discrimination by 42 U.S.C. §1981.

71. Plaintiff received disparate and hostile treatment compared to other similarly situated, non-minority employees, as described previously.

72. Any reason(s) given for the adverse actions taken against Plaintiff is pretextual in nature.

73. The discrimination against Plaintiff altered the terms, conditions, and/or privileges of her employment.

74. Defendants did nothing to attempt to remedy the wrong(s) suffered by Plaintiff.

75. Defendants' acts and omissions violated Plaintiff's rights secured by 42 U.S.C. §1981.

76. As a result of Defendants' illegal conduct, Plaintiff has suffered the damages described in paragraphs 52-54.

77. Plaintiff is entitled to and seeks all legal and equitable remedies available to a prevailing plaintiff under 42 U.S.C. §1981, including, without limitation: back

pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

## COUNT IV
## ILLEGAL DISCRIMINATION BASED UPON RACE IN VIOLATION OF THE OKLAHOMA ANTI-DISCRIMINATION ACT, 25 O.S. §1101 *et seq.*

78. Plaintiff reasserts and incorporates by reference paragraphs 1-77 as set forth above as if fully restated herein.

79. At all times while employed with Defendants, Plaintiff was qualified for the position she held and had been performing satisfactorily.

80. Defendants' willful and malicious conduct as described above is in clear violation of OADA.

81. Plaintiff's race, African-American, was a motivating factor in Defendants' adverse employment actions as described above. Defendants violated Plaintiff's rights under the OADA by taking such adverse actions.

82. As a result of Defendants' illegal conduct, Plaintiff has suffered the damages described in paragraphs 52-54.

83. Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing Plaintiff under OADA, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

84. Plaintiff is also entitled, under 25 O.S. §1350(H), to recover attorney fees and costs incurred in pursuing this claim.

# COUNT V
## ILLEGAL DISCRIMINATION BASED UPON SEX/GENDER IN VIOLATION OF THE OKLAHOMA ANTI-DISCRIMINATION ACT, 25 O.S. §1101 *et seq*.

85. Plaintiff reasserts and incorporates by reference paragraphs 1-84 as set forth above as if fully restated herein.

86. Defendants' actions in repeatedly treating Plaintiff differently than her male co-workers and frequently engaging in the discriminatory conduct as previously described above, constitutes illegal discrimination based upon her gender/sex (female), in violation of the OADA.

87. All of the above-described actions, up to and including Plaintiff's termination, were willful and malicious conduct intended solely to discriminate against Plaintiff based upon her gender/sex.

88. As such, Plaintiff's gender was a motivating factor in Defendants' adverse employment actions described above. Defendants violated Plaintiff's civil rights by taking such actions.

89. As a result of Defendants' illegal conduct, Plaintiff has suffered the damages described in paragraphs 52-54.

90. Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing Plaintiff under the OADA, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

91. Plaintiff is also entitled, under 25 O.S. §1350(H), to recover attorney fees and costs incurred in pursuing this claim.

# COUNT VI
## ILLEGAL RETALIATION FOR PROTECTED ACTIVITY IN VIOLATION OF TITLE VII, 42 U.S.C. §2000e et seq., the OADA, 25 O.S. §1101 *et seq*., and 42 U.S.C. §1981

92. Plaintiff reasserts and incorporates by reference paragraphs 1-91 as set forth above as if fully restated herein.

93. 42 U.S.C. §2000e-3(a) makes it illegal to retaliate against an "individual [who] has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act."

94. 25 O.S. §1601 also prohibits such retaliatory conduct.

95. 42 U.S.C. §1981 also encompasses anti-retaliation measures resulting from post-formation activities.

96. Plaintiff clearly opposed the illegal harassment, discrimination, and retaliation when she complained to her supervisors, filed an internal complaint, and filed charges with the EEOC. Plaintiff then participated in the EEOC process, engaging in mediation with Defendants.

97. Such opposition and participation is clearly protected activity as defined by Title VII, the OADA, and 42 U.S.C. §1981.

98. The actions taken against Plaintiff following her protected activity in opposition to Defendants' illegal conduct, including, but not limited to: continued harassment, unjustified discipline, failure to promote, failure to allow overtime hours, differential treatment, and ultimately her termination are all retaliatory actions

designed to prevent her from exercising her rights under Title VII, the OADA, and 42 U.S.C. §1981.

99. Such conduct is clearly in violation of Title VII, the OADA, and 42 U.S.C. §1981 which all contain provisions prohibiting such conduct.

100. As a result of Defendants' retaliatory conduct, Plaintiff has suffered the losses and damages described in paragraphs 52-54 above.

101. Plaintiff is entitled to and seeks all legal and equitable remedies available to a prevailing Plaintiff under Title VII, the OADA, and 42 U.S.C. §1981, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any and all appropriate declaratory and injunctive relief.

102. Plaintiff is also entitled, under 42 U.S.C. §2000e-5(k) and 25 O.S. §1350(H), to recover attorney fees and costs incurred in pursuing this claim.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court grant to Plaintiff the following relief:

a. Back pay, in amounts to be determined at trial;

b. Front pay, in amounts to be determined at trial;

c. Punitive damages, in amounts to be determined at trial;

d. Compensatory and consequential damages, in amounts to be determined at trial;

e. Injunctive and/or declaratory relief;

f. Pre-judgment and post-judgment interest at the highest lawful rate;

g.  Attorneys' fees and costs of this action, including any expert witness fees, as appropriate;

h.  That Defendants be enjoined and restrained from engaging in further discriminatory and retaliatory conduct; and

i.  Any such further relief as justice allows.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Oklahoma and Federal law.

Dated: <u>08/02/2013</u>

Respectfully Submitted,

s/Brice W. Bisel
Brice W. Bisel, OBA #30986
Raymond E. Tompkins, OBA #9058
Katherine R. Mazaheri, OBA #21746
Mazaheri Law Firm, PLLC
3445 W. Memorial Rd., Ste. H
Oklahoma City, OK 73134
Telephone: (405)414-2222
Facsimile: (405)607-4358
brice@mazaherilaw.com
ray@mazaherilaw.com
katherine@mazaherilaw.com
*Attorneys for Plaintiff*

**ATTORNEY'S LIEN CLAIMED**