IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DESHOUNA AYOOLA,                )
                                )
          Plaintiff,            )
                                )
v.                              )    Case No. CIV-13-804-D
                                )
OG&E ENERGY CORP. and           )
TEKSYSTEMS, INC.,               )
                                )
          Defendants.           )

**<u>O R D E R</u>**

Before the Court are separate partial motions to dismiss filed by Defendants OGE Energy Corp.[1] [Doc. No. 13] and TEKsystems, Inc. [Doc. No.18]. Plaintiff has filed responses to both motions. *See* Doc. Nos. 19 and 20.

Both Defendants assert that Plaintiff's Title VII discrimination and retaliation claims, as well as her Oklahoma Anti-Discrimination Act ("OADA") discrimination and retaliation claims, must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because they are not timely asserted. Defendants argue that this lawsuit was not filed until ninety-one days after Plaintiff's attorney received notice of the right to sue from the EEOC. Pursuant to the statutory requirements of Title VII, a claim must be filed no later than 90 days after receipt of a right to sue notice. 42 U. S. C. § 2000e-(5)(f)(1). The 90-day time limit operates as a statute of limitations. *Mosley v. Pena*, 100 F.3d 1515, 1518 (10th Cir. 1996). It is to be strictly construed. *Noe v. Ward*, 754 F.2d 890, 892 (10th Cir. 1985). A

---

[1] Although the Complaint identifies this defendant as OG&E Energy Corp., the defendant states in its brief that its proper corporate name is OGE Energy Corp., and the name does not include an ampersand. Defendant asks the Court to permit the parties to use the correct name in future filings. That request is granted, and the style of the case is deemed amended to correct the corporate name. Future filings shall identify this defendant as OGE Energy Corp.

Title VII complaint filed even one day late must be dismissed. *Melendez v. Singer-Friden Corp.*, 329 F.2d 521, 523 (10th Cir. 1976). Where a complaint reflects on its face that the statute of limitations has expired, dismissal pursuant to Rule 12(b)(6) is proper. *Solomon v. HSBC Mortgage Corp.*, 395 F. App'x 494, 497 (10th Cir. 2010) (unpublished opinion) (quoting *Aldrich v. McCulloch Properties, Inc.*, 627 F. 2d 1036, 1041 n. 4 (10th Cir. 1980)).

Plaintiff alleges that her attorneys received notice of the right to sue on May 3, 2013. Complaint at ¶ 13. Plaintiff did not file suit until August 2, 2013. In responding to the motions to dismiss, Plaintiff states that the first day for computing the relevant 90-day time period was May 4, 2013, pursuant to Fed .R. Civ. P. 6(a)(1)(A), and she contends that her filing on August 2 was timely. But Plaintiff has apparently miscounted. Counting May 4, 2013 as the first day of the relevant period, Plaintiff's suit was not filed until the ninety-first day after Plaintiff received notice of the right to sue. Accordingly, her Title VII discrimination and retaliation claims are not timely asserted, and must be dismissed. *See Melendez*, 329 F.2d at 523. Because the OADA also allows a plaintiff 90 days to file a lawsuit after receiving notice of the right to sue, Plaintiff's claims of discrimination and retaliation pursuant to the OADA must also be dismissed. Accordingly, Plaintiff's discrimination and retaliation claims under both Title VII and the OADA are untimely because Plaintiff did not file a suit until the ninety-first day after receiving the right-to-sue letter, and those claims must be dismissed against both Defendants.

Both Defendants also argue that, even if timely asserted, these claims must be dismissed for lack of subject matter jurisdiction because Plaintiff has failed to exhaust her administrative remedies with regard to her gender and retaliation claims under Title VII and the OADA. It is undisputed that on her Charge of Discrimination against Defendant OGE Energy Corp. Plaintiff marked the boxes

for discrimination based on race and retaliation and not the box for sex. It is also undisputed that the particulars section of Plaintiff's Charge of Discrimination against that Defendant describes only alleged discrimination due to Plaintiff's race. The same is true as to Plaintiff's Charge of Discrimination against Defendant TEKsystems, Inc. Plaintiff checked the boxes for race and retaliation, but the particulars section of the charge describes only alleged race discrimination. Neither Charge of Discrimination lists any Title VII protected activity which could form the basis for a charge of unlawful retaliation. A Title VII retaliation claim may only be based on alleged retaliation for opposing a practice made unlawful by Title VII. *Petersen v. Utah Dept. of Corrections*, 301 F.3d 1182, 1188 (10th Cir. 2002). Accordingly, the Court finds that Plaintiff has failed to exhaust her administrative remedies for gender discrimination and for retaliation.

A plaintiff "may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter." *Simms v. Oklahoma ex rel. Dept. of Mental Health and Substance Abuse Services,* 165 F.3d 1321, 1326 (10th Cir. 1999). Merely checking a box for retaliation in the Charge of Discrimination is insufficient where a plaintiff does not allege any facts in the charge related to retaliation. *Cooper v. Xerox Corp.*, 994 F. Supp. 429, 436 (W.D. N.Y. 1998). And exhaustion of administrative remedies by filing a Charge of Discrimination is a jurisdictional prerequisite to a Title VII suit or claim. *See Shikles v. Sprint/United Management Co.,* 426 F.3d 1304, 1317 (10th Cir. 2005). Thus, Plaintiff's Title VII gender and retaliation claims against both Defendants must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

All defenses to Title VII claims are equally applicable to claims brought under the OADA. *See* Okla. Stat. tit. 25, § 1350(F). Accordingly, Plaintiff's OADA claims for gender discrimination and retaliation must be dismissed for failure to exhaust administrative remedies as well.

In accordance with the foregoing, the motions for partial dismissal filed by Defendant OGE Energy Corp. [Doc. No. 13] and TEKsystems, Inc. [Doc. NO. 18] are GRANTED in their entirety. Plaintiff's Title VII and OADA claims for gender discrimination and retaliation are DISMISSED for lack of jurisdiction. All of Plaintiff's Title VII and OADA claims are DISMISSED as untimely.

Defendants shall file their answers to the remaining claims according to the deadlines established by the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

IT IS SO ORDERED this 10th day of January, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE